PRICE, Ex-Officio Mayor *v.* COHEN, Building
Inspection Engineer

[No. 31, October Term, 1954.]

*Decided December 16, 1954.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*W. Thomas Gisriel, Assistant City Solicitor of Baltimore*, with whom were *Thomas N. Biddison, City Solicitor*, and *Edwin Harlan, Deputy City Solicitor*, on the brief, for the appellant.

*Melvin J. Sykes*, with whom were *Paul Berman, Sigmund Levin* and *Theodore B. Berman* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from an order directing the issuance of a writ of *mandamus*.

On April 22, 1954, the appellee filed in the Superior Court of Baltimore City a petition alleging that he had been Building Inspection Engineer of Baltimore City since 1947, that his present term expires on July 1, 1955, and that he had conscientiously and scrupulously fulfilled the duties of that office. He further alleged that the defendant and appellant here, Arthur B. Price, was the President of the City Council of Baltimore. and, during the illness of Mayor Thomas D'Alesandro, Jr., acted as *ex-officio* Mayor of Baltimore City. On April 20, 1954, upon orders of the appellant, he was suspended without pay from his office of Building Inspection Engineer of

Baltimore City aforesaid and such suspension was without legal power or authority. He prayed that a writ of *mandamus* be issued directing the appellant to rescind and withdraw his order and that he be restored to his office. After answer filed a hearing was held by the trial judge. No testimony was taken at the hearing which was confined to the question of law, to wit: "Has the Mayor of Baltimore City the power, under Section 12 of the City Charter, to suspend an appointed City Official, who has served more than six months of his term, pending proceedings to remove him for cause?" The trial judge found that under the Baltimore City Charter the appellant had no such power. On May 14, 1954, a writ of *mandamus* was issued granting the relief prayed. On May 18th the appellant filed an appeal to this Court. The appellant here contends that he had the power to so suspend the appellee.

Subsequent to the appeal to this Court, the Mayor, Thomas D'Alesandro, Jr., resumed his office. After a hearing, he ordered on September 27, 1954, that the suspension of the appellee be cancelled, the charges against him be dismissed, and that he immediately resume the duties of his office. As a result the appellee has resumed the duties of said office and has been fully paid by the City of Baltimore all salary which accrued to him during the period of his suspension.

The appellee has filed a motion in this Court to dismiss the appellant's appeal for the reason that the case has now become moot. The appellant admits here that the legality of appellee's suspension is moot, but contends that the matter is one of such public importance that this Court should give an advisory opinion on the question here presented. With this contention we do not agree.

In the case of *Lloyd v. Board of Supervisors of Elections of Baltimore County*, 206 Md. 36, 109 A. 2d 920, appellant, a Democrat, on January 20, 1954, filed his certificate of candidacy in the Democratic Primary for judge of the Orphans' Court for Baltimore County. Seven days later he notified the Board of his desire to file for nomina-

tion for the same office in the Republican Primary. The Board notified appellant that he could not so cross file. He then sought a writ of *mandamus* from the Circuit Court for Baltimore County to compel the Board to accept a certificate of candidacy in the Republican Primary. A demurrer to the petition was sustained on May 12, 1954. A final order was entered on May 13th dismissing the petition. An appeal was later filed to this Court. Upon learning that the absentee ballots were being printed, the appellant in that case did not press for an advancement of the case. The appeal came on for hearing in this Court, in its regular course, on October 13, 1954, months after the primary of June 28th, in which the appellant was unsuccessful, was over. Although the question presented was moot in this Court, the appellant contended that the matter was of such public importance that an opinion should be rendered here as a matter of public interest. In that case it was held that the Court should not give a decision on the matter presented, even assuming that the Court possessed the power to do so, because the question was not of such general public interest nor so likely to reocurr with such frequency as to call for an advisory opinion.

Certainly, if the question whether a candidate for judge of the Orphans' Court can cross-file in both the Democratic and Republican primaries is not of sufficient general public interest as to justify an advisory opinion, the question before us in the instant case is not of such interest. The question here presented does not involve the whole State and it does not seem likely that it will recur with any frequency. If it does so, this Court without difficulty can pass upon it as a live issue. As *Lloyd v. Board of Supervisors of Elections, supra,* so thoroughly covers the question here presented, the appeal will be dismissed under the authorities therein cited. Since we hold that the question presented is not of paramount public interest it is unnecessary to decide whether, if it were, the Court possesses the power to decide it.

*Appeal dismissed, with costs.*